{¶ 18} I concur with the majority opinion and write separately to illuminate the problem raised in this appeal. This appeal examines Batsonv. Kentucky's[3] impact on the State's peremptory challenge of African-American jurors, when the State's reason for the challenge is based on the "relative exclusion." The "relative exclusion" exists when the State excludes a juror because of the criminal history of that juror's relative. Bolton argues this exclusion is flawed when the juror is African-American since there exist a substantial likelihood of an African-American juror having a relative with a criminal history. Bolton states according to the Justice Department in the year 2000, 7.5 million criminal arrests took place in U.S. and blacks who are 12.5% of the population constituted 28.5% of those 7.5 million criminal arrests.
 {¶ 19} Bolton argues because of this data the State must do more than rely on the "relative exclusion" in light of Batson. Here, the majority opinion concludes there is more. Juror Lewis' brother had committed the same crime as Bolton and had questioned the discriminatory sentencing of crack cocaine offenders versus powder cocaine offenders. Juror Cook's relative had been charged with obstructing justice; although the "criminal similarity" argument did not exist with Juror Cook, the prosecutor vaguely referenced that he recalled the case as highly contentious. The majority opinion concluded these reasons protected the State in the exclusion of these two African-Americans and shielded it from the ire of Batson.
 {¶ 20} I agree with the majority opinion that these additions lend more credibility to the prosecutor's "relative exclusion" than if he had just said the jurors were excluded because of their relatives' criminal history. Consequently, I believe that this is not the factual case to fight this battle.
[3] (1986), 476 U.S. 79.